UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUSCH BLACKWELL LLP,<br>Plaintiff,<br>v.<br>DEPARTMENT OF COMMERCE, et al.,<br>Defendants. | Civil Action No. 1:24-cv-02733 (JDB) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), Plaintiff, Husch Blackwell LLP, respectfully submits the following statement of undisputed facts in support of its motion for summary judgment[1].

1. This case arises from Husch Blackwell's FOIA requests for documents related to the decision to place YMTC and YMTJ on the Entity List maintained by BIS. (Compl. ¶ 1 [ECF 1]; Answer ¶ 1 [ECF 8].)

2. On September 27, 2023, Plaintiff submitted two narrowly tailored, virtually identical requests to the Government related to YMTC and YMTJ, respectively, seeking: "[A] copy of the final proposal and any accompanying attachments, exhibits, or appendices that were submitted to the End-User Review Committee ("ERC") in support of the decision to place [YMTC or YMTJ] on the BIS Entity List." (Compl. ¶¶ 15, 16, Exs. A, B [ECF 1-1, 1-2]; Answer ¶¶ 15, 16.)

[1] This filing adopts and incorporates herein any defined terms as they are used in the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment.

3. The Government did not provide its final response until January 26, 2024—nearly four months after the requests were made and more than three months after the statutory response deadline had passed. (Compl. ¶ 20, Ex. D [ECF 1-4]; *see* 5 U.S.C. § 552(a)(6)(A)(i); Answer ¶ 20.)

4. In its denial decision, the Government identified 553 pages of "responsive documents pertinent to [YMTC/YMTJ's] request[s]," but withheld the responsive documents in full, on the bases of FOIA Exemptions (b)(1), (b)(3), (b)(5), and (b)(6). (Compl. ¶ 21, Ex. D; Answer ¶ 21.)

5. Pursuant to 15 C.F.R. § 4.10(a) and the denial decision, Husch Blackwell timely appealed the Government's denial (the "Appeal") on February 26, 2024, challenging the applicability of the cited exemptions and the lack of a *Vaughn* index. (Compl. ¶¶ 22, 23, Ex. E [ECF 1-5]; Answer ¶¶ 22, 23.)

6. For months, Husch Blackwell repeatedly followed up on its Appeal to no avail. (*See* Compl. ¶ 24, Ex. F [ECF 1-6]; Answer ¶ 24.)

7. Finding that its administrative remedies had effectively been exhausted by the Government's failure to respond to its Appeal, Husch Blackwell filed the Complaint in this matter on September 25, 2024. (*See* Compl. ¶¶ 25, 26.)

8. For months after filing its Complaint, Husch Blackwell repeatedly and consistently attempted to obtain a complete response to its request directly with counsel for the Government, while the Government continuously indicated that a production of documents, or at least a response to Husch Blackwell's appeal in some form, would be forthcoming. (*See* Emails between Government and Husch Blackwell (Nov. 2024 through Apr. 2025), copy attached to Decl. of S. Neeley at Ex. A; Joint Status Reports filed December 12, 2024; February 10, 2025; March 14, 2025 [ECF 10, 14, 15].)

9. In its Minute Order responding to the most recent Joint Status Report, this Court made clear its "expectation that the government will render *final determinations as to plaintiff's administrative appeal and produce the corresponding documents* prior to" the deadlines for briefing set for the instant motion. (Minute Order (Mar. 20, 2025) (emphasis added).)

10. Less than a month before the (already-once-extended) April 15 deadline[2] for the instant filing, the Government sent Husch Blackwell what appeared to be a *partial* responsive production. (*See* March 2025 Production Cover Emails and Attachments (Mar. 21, 2025), copy attached to Decl. of S. Neeley at Exs. B-K.) The production arrived in the form of 10 separate PDF files, each ranging from 35 to 52 pages and amounting to 471 pages in total (82 fewer pages than the 553 responsive pages the Government had previously identified). (*Id.*) Moreover, many of the PDFs appeared to contain repeated pages among them, such that the total number of *unique* pages is likely *less* than the 471-page production total. (*Id.*)

11. The production was heavily redacted, and it came with no supporting documentation: no partial or final determination letter, no *Vaughn* index, no agency affidavits supporting the claimed exemptions. (*Id.*) Instead, the only indication of the reasons for withholding were text labels affixed over the redacted portions or pages. (*Id.*) A large majority of the redactions were labeled "b(3) and Section 1761(h) of the Export Control Reform Act of 2018," many others were labeled "b(5)," and a small number were labeled "b(6)." (*Id.*) Exemption (b)(1) was not cited in the production. (*Id.*)

12. When asked to confirm whether the production Husch Blackwell received was the Government's complete and final production in response to Husch Blackwell's request, or

---

[2] The *original* deadline for cross-motions for summary judgment was April 3, 2025. *See* Minute Order (Feb. 11, 2025). That deadline had already been extended once, upon request of the Government, to April 15, 2025. *See* Minute Order (Mar. 20, 2025); March 14, 2025 Joint Status Report [ECF 15.].

whether further productions would be forthcoming, counsel for the Government stated: "As to whether the [production] constitute(sic) the complete responsive productions in response to the original FOIA request, I cannot give you a definitive answer at this juncture." (*See* Emails between Government and Husch Blackwell, p. 2 (Apr. 4, 2025), copy attached to Decl. of S. Neeley at Ex. A.)

13. With its production, and in subsequent related correspondence, the Government indicated that a "determination letter (that includes appeal rights and identifies the withholding authority, and exemptions asserted)" would be forthcoming. (*See, e.g.,* Production Cover Email and Attachment – Production Supplement Part 1, p.1 (Mar. 21, 2025), copy attached to Decl. of S. Neeley at Ex. B; *see also* Emails between Government and Husch Blackwell, p. 2 (Apr. 4, 2025), copy attached to Decl. of S. Neeley at Ex. A.)

14. On April 11, 2025, four days before the (already-once-extended) April 15 deadline for the instant Motion, the Government produced a determination letter to Husch Blackwell. (*See* Commerce OGC Determination Letter (Apr. 11, 2025), copy attached to Decl. of S. Neeley at Ex. L.) Among other things, this letter indicated that the originally provided 553-page count was inaccurate, and corrected the number of responsive pages to 526 total. It also provided further detail regarding the number of pages produced, withheld in part, and withheld in full based on the various claimed exemptions. Further, the letter briefly addressed each exemption's applicability to the withholdings in turn. This letter was styled as "the final decision of the Department of Commerce." (*Id.*)

15. In response to this last-minute letter delivery, the parties jointly moved for, and this Court granted, an enlargement of the briefing schedule, extending (for a second time) the initial cross-

motion deadline to May 2, 2025. (*See* Joint Mot. for Ext. of Time (Apr. 14, 2025) [ECF 17]; Minute Order (Apr. 15, 2025).)

16. Subsequently, the Government filed an unopposed motion for a third extension of the briefing schedule. (*See* Def. Mot. for Ext. of Time (May 1, 2025) [ECF 19].) This Court granted the motion, extending the initial cross-motion deadline to May 16, 2025. (*See* Minute Order (May 1, 2025).)

17. On the evening of May 15, 2025, Husch Blackwell received correspondence from the Government, styled as "BIS' final determination letter and the second and final interim production of the records previously processed on January 26, 2024." (*See* BIS Determination Letter (May 15, 2025), copy attached to Decl. of S. Neeley at Ex. M.) The "interim" production contained 62 pages, 55 of which were redacted in their entirety. (*See* May 2025 Second Interim Production (May 15, 2025), copy attached to Decl. of S. Neeley at Ex. N.) Like the first interim production, the second production contained text labels affixed over the redacted portions or pages, variously labeled with "b(1)," b(5)," "b(6,") and "b(3) and Section 1761(h) of the Export Control Reform Act of 2018." (*Id.*) The determination letter provided information regarding the withheld, redacted, and produced portions of "125 potentially responsive documents totaling 555 pages" that BIS had identified as responsive to the FOIA request, and then provided brief explanations regarding the claimed exemptions. (*See* BIS Determination Letter (May 15, 2025), copy attached to Decl. of S. Neeley at Ex. M.)

18. Due to the Government once again issuing this production and response letter at the final hour, the Parties requested a final enlargement of the briefing schedule, which this Court granted, extending the cross-motion deadline to May 23, 2025. (*See* Joint Mot. for Ext. of Time (May 16, 2025) [ECF 20]; Minute Order (May 16, 2025).)

**DATED** this May 23, 2025.

Respectfully submitted,

By: */s/ Steven A. Neeley*
Steven A. Neeley, D.C. Bar # 998792
Joseph S. Diedrich, *pro hac vice*
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Telephone: (202) 378-2331
Facsimile: (202) 378-2319
steve.neeley@huschblackwell.com
joseph.diedrich@huschblackwell.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Statement of Undisputed Material Facts was served on Defendant via CM/ECF, per LCvR 5.4(d)(1), this 23rd day of May 2025 to the following:

Jeanine Ferris Pirro
United States Attorney

Brian P. Hudak
Chief, Civil Division

Debra S. Curteman
Assistant United States Attorney

601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Attorneys for the United States of America*

*/s/ Steven A. Neeley*
Steven A. Neeley