UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUSCH BLACKWELL, LLP, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF COMMERCE, et al., <br><br> Defendants. | Civil Action No. 24-2733 (JDB) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, the Department of Commerce, by and through undersigned counsel, respectfully submit this memorandum in opposition to Plaintiff's motion for summary judgment ("Pl's Mot.") (ECF No. 22, 22-1). For the reasons explained in Defendants' motion for summary judgment ("Defs' Mot.") (ECF No. 21) and herein, Defendants respectfully request that the Court find that Defendants performed a reasonable search, properly invoked FOIA Exemptions 1, 3, 5, and 6, and reasonably segregated exempt material from non-exempt material, and grant summary judgment to Defendants.

**ARGUMENT**

**I.   Defendants Complied with FOIA.**

In opposition, Plaintiff spends a great deal of argument suggesting that Defendants "failed to comply with FOIA." *See* Pl's Mot. at 5-14. The crux of Plaintiff's argument is that the Government has several obligations under FOIA (*id*. at 6) and that Defendants failed to meet its FOIA obligations by making "no effort to segregate and release non-exempt material." *Id*. at 8. Plaintiff also suggests that the Government's assertions lack any analysis. *Id*. at 9. Defendants do not dispute that the Government has several obligations under FOIA, and in their motion for

summary judgment Defendants have outlined those obligations and how they met those obligations. *See generally* Defs' Mot. Plaintiff's arguments are misplaced. With respect to segregation, Plaintiff argues that in the original denial decision, "the Government parroted four FOIA exemptions as a sweeping basis for withholding 553 pages of responsive documents in their entirety." *Id*. at 8. Plaintiff further suggests that Defendants "did not specify what portion of their responsive documents or information each cited exemption applied to or otherwise explain the basis for its exemptions." *Id*.

Plaintiff misfires. Importantly, since issuing its original denial decision, Defendants issued a May 15, 2025, final determination letter, which explained the FOIA Exemptions invoked by Defendants. Since that time, Defendants also have filed a motion for summary judgment (ECF No. 21), with an accompanying declaration sworn and executed by Stephanie Boucher ("Boucher Decl.") (ECF No. 21-1) and a *Vaughn* Index (ECF No. 21-15), which explains Defendants' rationale for invoking the various FOIA exemptions at issue, as cited in the May 15, 2025, final determination letter.

As to the segregation issue, in the Boucher Declaration, Ms. Boucher explained, under penalty of perjury, that she personally reviewed the information withheld pursuant to the invoked FOIA exemptions to ensure that all reasonably segregable information in the documents was released in accordance with FOIA requirements. Boucher Decl. (ECF No. 21-15) ¶ 49. Ms. Boucher also concluded that she had conducted a "line-by-line review" of all unclassified responsive records "to ensure compliance with FOIA" and to ensure "that the Department released all reasonably segregable non-exempt information." *Id*. In further response to the segregation issue, Ms. Boucher has executed a supplemental declaration, *see* Ex. 1, Boucher Suppl. Decl. (attached), in which she has sworn, again under penalty of perjury, that in each instance of the

FOIA exemptions claimed by Defendants there was no additional information that could be segregated and released without causing foreseeable harm to the Agency and the interests protected by the FOIA exemption being asserted as to each withholding. *See id*. ¶ 3. In short, Plaintiff is incorrect that Defendants have failed to segregate and specify the FOIA exemptions claimed in the Defendants' May 15, 2025, final determination letter.

Plaintiff further claims that Defendants' claimed exemptions are unspecific and have no support. *See* Pl's Mot. at 9-12. Again, Plaintiff misapprehends the law and the record. Here, Plaintiff argues that "[t]he Government has failed to produce a *Vaughn* index or declarations from knowledgeable officials explaining its withholdings." *Id*. at 10. Citing no support that a plaintiff is entitled to a *Vaughn* index during the administrative process, Plaintiff confuses the record. As previously explained, Defendants filed a summary judgment motion accompanied by a supporting declaration and *Vaughn* index, all of which explained Defendants' rationale for the claimed exemptions. *See* ECF Nos. 21, 21-1, 21-15. "With regard to the timing of the creation of a *Vaughn* Index, it is well settled that a requester is not entitled to receive one during the administrative process." Department of Justice Guide to the Freedom of Information Act, Litigation Considerations Part 2 ("Guide"), p. 40 (*available at* https://www.justice.gov/oip/media/1341081/dl?inline#page=40) (last accessed June 11, 2025); *accord Khine v. Dep't of Homeland Sec*., 943 F.3d 959, 967 (D.C. Cir. 2019) ("we do not require the agency at th[e initial determination] stage, as Khine appears to suggest, to provide a document-by-document Vaughn index, which this court has recognized is a 'judicial rule' that 'governs litigation in court and not proceedings before the agency.' *NRDC v. NRC*, 216 F.3d 1180, 1190 (D.C. Cir. 2000). *CREW* itself recognized as much, reiterating that an 'agency is not required to produce a Vaughn index.' [*Citizens for Resp. & Ethics in Wash. v. FEC*,] 711 F.3d [180,] 187 n.5 [(D.C. Cir. 2013)].").

If a FOIA request proceeds to litigation, *Vaughn* indices typically are not required until the agency files its motion for summary judgment. Guide pp. 40-41 ("Once in litigation, efforts to compel the preparation of *Vaughn* Indices prior to the filing of an agency's dispositive motion are often denied as premature…"); *see also, e.g., CREW*, 711 F.3d at 187 n.5 prior to seeking a judicial determination of a withholding's propriety, "[a]n agency is not required to produce a Vaughn index—which district courts typically rely on in adjudicating summary judgment motions in FOIA cases"); *Schwarz v. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000), *aff'd*, No. 00-5453, 2001 WL 674636 (D.C. Cir. May 10, 2001) ("The requirement for detailed declarations and Vaughn indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court."); *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995), *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996) ("Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process"); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) (Plaintiff is not entitled to obtain a *Vaughn* Index "until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."); *Mullen v. Army Crim. Investig. Command*, Civ. A. No. 10-262, 2011 WL 5870550, *4 (E.D. Va. Nov. 22, 2011) (concluding that the agency did not have to produce a *Vaughn* Index until it filed its dispositive motion); *Pyne v. Comm'r*, No. 98-00253, 1999 WL 112532, at *3 (D. Haw. Jan. 6, 1999) (deeming request for *Vaughn* Index to be premature prior to the agency providing its affidavit supporting nondisclosure). Because Defendants timely provided a supporting declaration and *Vaughn* index, the Court should reject Plaintiff's suggestion that Defendants have not provided specificity or support for the claimed exemptions.

Plaintiff also asks the Court to order Defendants to remedy the asserted FOIA violations. *See* Pl's Mot. at 12. But there is nothing to remedy. As explained in Defendants' motion for

summary judgment, an agency may meet its burden to establish the applicability of an exemption by providing a *Vaughn* Index that "permit[s] adequate adversary testing of the agency's claimed right to an exemption." *Nat'l Treas. Emps. Union v. Customs Serv.*, 802 F.2d 525, 527 (D.C. Cir. 1986); *see also Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977); *Vaughn v. Rosen*, 484 F.2d 820, 828 (D.C. Cir. 1973). The index must contain "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record." *Nat'l Treas.*, 802 F.2d at 527 n.9. Defendants have provided a declaration and *Vaughn* index explaining in detail each of the claimed exemptions. There is nothing for the Court to supervise with respect to Plaintiff's unsubstantiated allegation that Defendants have failed to adequately comport with the statutory response obligations. Indeed, the citations Plaintiff utilizes in support of this argument are inapposite. *See* Pl's Mot. at 12 (citing *CREW*, 711 F.3d at 189). The cases Plaintiff relies upon principally show that a court can supervise an agency's processing of a FOIA request. Here, the processing of Plaintiff's FOIA request is complete.

Plaintiff also asks the Court to order Defendants either to produce further responsive documentation or to certify that its production and determination letters represent a complete and final response to the original FOIA request. *See* Pl's Mot. at 13. This request appears to result from Plaintiff either misunderstanding or mischaracterizing the determination letters. Defendants produced a final decision upon Plaintiff's FOIA appeal on April 11, 2025. *See* ECF No. 21-13. In the April 11, 2025, letter, the Office of the General Counsel, Department of Commerce determined to partially grant and partially deny Plaintiff's appeal, *id.* at 2, and referred the request back to the Bureau of Industry and Security ("BIS") for further action consistent with the appeal determination, *id.* at 6. BIS, which already had released all non-exempt responsive documents it could provide to Plaintiff, *see id*, was to make a final determination upon seven pages still

undergoing the consultation process, and update Plaintiff if documents were declassified or were determined to be in the national interest to release (and provide any such documents), or, alternatively, inform Plaintiff that it had completed its consideration and that no documents were declassified or determined to be in the national interest to release. *See id*.

BIS made a final determination upon the pages that were still undergoing consultation when it made its supplemental production on March 21, 2025. *See* ECF No. 21-12. Plaintiff alleges that because both the Department of Commerce's final determination upon Plaintiff's appeal and BIS's final determination upon Plaintiff's FOIA request (after remand from Commerce) include the word "final," then the FOIA request response is incomplete. Despite Plaintiff's confusion between the final appeal determination and the final production for the FOIA request, the FOIA production is complete. *See* Boucher Decl. (ECF No. No. 21-1) ¶ 15 ("On May 15, 2025, BIS made a second interim release and provided Plaintiff with a final determination letter."), ¶17; *see also* ECF No. Doc. No. 21-14 at 2 ("This is BIS' final determination letter and the second and final interim production of the records previously processed . . . in response to" Plaintiff's FOIA request.). Thus, there is nothing requiring the Court's supervision.[1]

---

[1]  To the extent Plaintiff maintains that the timing of the production of a declaration and *Vaughn* index was not standard or proper in this matter, not only has Plaintiff failed to identify any caselaw in support of this notion, but Plaintiff also insisted on setting a briefing schedule prior to Defendants' final determination as to what information would be withheld. *See* Joint Status Report of December 12, 2024 (ECF No. 10) at 1-2 (Plaintiff stated: "This matter is ripe to proceed," despite the fact that "the Defendant has yet to respond to the appeal. . . .  The validity of the Defendant's withholding decisions in the January 26, 2024[,] denials may be resolved on cross-motions for summary judgment, and Plaintiff respectfully requests that the Court proceed with setting forth the briefing schedule, with initial cross-motions due no later than January 31, 2025. This schedule provides the Defendant with sufficient time to review the validity of the withholding decision before cross-motions are due to the Court." By contrast, Defendants stated, "[t]he results of the administrative appeal may change Defendants['] asserted exemptions, and having the parties meet and confer after administrative resolution of the appeal could conserve resources of not only the parties but of the Court."). Plaintiff should not be entitled to summary judgment on the unsupported basis that Defendants did not supply a declaration and *Vaughn* index earlier.

II. **Defendants' Claimed Exemptions are Justified and Supported.**

Plaintiff also takes issue with Defendants' claimed FOIA exemptions, but as with Plaintiff's previous arguments, Plaintiff has prematurely challenged the claimed FOIA exemptions without any review of Defendants' motion for summary judgment, declaration, or *Vaughn* index. *See* Pl's Mot. at 14-27. Plaintiff's attempt to rebut the application of FOIA Exemptions 1, 3, 5, and 6 in the absence of having the benefit of Defendants' declaration and *Vaughn* index illustrates only that Plaintiff's motion for summary judgment was premature. Indeed, none of Plaintiff's motion for summary judgment cites Defendants' supporting Boucher declaration or the *Vaughn* index. *See generally* Pl's Mot. In lieu of addressing Plaintiff's speculation as to why those exemptions do not or cannot apply, Defendants respectfully refer the Court to Defendants' Motion for Summary Judgment (ECF No. 21), accompanied by the Boucher declaration (ECF No. 21-1) and *Vaughn* index (ECF No. 21-15), which explain how and why the claimed exemptions apply to each individual redaction. On these bases, and for the reasons explained in Defendants' motion for summary judgment, the Boucher declaration, and the *Vaughn* index, the Court should reject Plaintiff's argument that Defendants' exemptions are unjustified and unsupported.[2]

\* \* \*

---

[2] Plaintiff also suggests that many of the documents responsive to its request are publicly available elsewhere but cites no specific documents that it believes are public and which the Defendants have publicly acknowledged. *See* Pl's Mot. at 26-27. *See also Davis v. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (holding that for the public domain doctrine to apply, *inter alia*, an official acknowledgement is required).

## CONCLUSION

For these reasons, Defendants request that the Court deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

Dated: June 13, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Attorneys for the United States of America*