UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HUSCH BLACKWELL LLP, | ) | Civil Action No. 1:24-cv-02733 (JDB) |
| Plaintiff, | ) | |
| v. | ) | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| DEPARTMENT OF COMMERCE, et al., | ) | |
| Defendants. | ) | **[ORAL ARGUMENT REQUESTED]** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. The Government still has not complied with FOIA. ..... 1

II. The Government's claimed FOIA exemptions cannot stand on the information provided—or likely at all. ..... 3

A. The Government's opposition does not defeat summary judgment. ..... 3

B. The Government's representations in a past case undermine its withholding arguments here. ..... 6

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Changji Esquel Textile Co. v. Raimondo*,
573 F. Supp. 3d 104 (D.D.C. 2021) ........................................ 6, 7

*Ctr. for Pub. Integrity v. U.S. Dep't of Com.*,
401 F. Supp. 3d 108 (D.D.C. 2019) ........................................ 2

*Heidi Aviation, LLC v. Jetcraft Corp.*,
573 F. Supp. 3d 182 (D.D.C. 2021) ........................................ 6

*Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*,
284 F. Supp. 2d 15 (D.D.C. 2003) ........................................ 4

*Nat'l Ass'n of Home Builders v. Norton*,
309 F.3d 26 (D.C. Cir. 2002) ........................................ 1

*Poitras v. Dep't of Homeland Sec.*,
303 F. Supp. 3d 136 (D.D.C. 2018) ........................................ 1

*Wonders v. Dep't of Army Off. of Gen. Couns.*,
No. 24-5214, 2025 WL 717386 (D.C. Cir. Feb. 28, 2025) ........................................ 4

## Statutes

50 U.S.C. § 4820(h)(1)(B) ........................................ 4

## INTRODUCTION

The Government failed to meet its FOIA obligations, and the Court should grant Husch Blackwell the relief it seeks. Although Court-imposed deadlines spurred the Government to supply a *Vaughn* index and agency declarations, those materials still do not meet FOIA's demands. The same can be said for the Government's heavily redacted document productions.

On exemptions, the Government fares no better. The Government claims authority to withhold everything BIS does—including the specific record Husch Blackwell requested nearly two years ago. This sweeping assertion runs headlong into the Circuit's command that exemptions be "narrowly construed," with a "strong presumption in favor of disclosure." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002). The Government's position cannot be the law. Critical concessions in the Government's opposition brief only reinforce that conclusion.

Ultimately, the Court should order the Government to produce all documents listed on the *Vaughn* index to the Court for *in camera* review—and then order the Government to produce all documents the Court determines not to be protected by the claimed FOIA exemptions.

## ARGUMENT

### I. The Government still has not complied with FOIA.

After nearly two years of protracted Government noncompliance, the production of a *Vaughn* index and agency declarations have brought it *closer* to fulfilling its FOIA obligations. But the Government continues to fall short.

As explained in more detail in Husch Blackwell's Opposition to the Government's Motion for Summary Judgment, *see* ECF No. 23 at 10–11, the Government's *Vaughn* index and declarations lack sufficient information to allow "the adversary system" to "operate," *Poitras v. Dep't of Homeland Sec.*, 303 F. Supp. 3d 136, 150 (D.D.C. 2018) (citation modified).

In particular, the *Vaughn* index appears to be both overinclusive and underinclusive. *See* ECF No. 23 at 10. It fails to meet the Government's burden to adequately segregate, specify, and support its withholding decisions. *Id.* at 10–11.

And the Boucher declarations, for their part, contain only conclusory statements—especially as to segregability. *See* Boucher Decl. ¶ 49 [ECF No. 21-1] ("I have personally conducted a line-by-line review of all unclassified records responsive to FOIA requests to ensure compliance with FOIA and concluded that the Department released all reasonably segregable non-exempt information, and that no further segregation is possible without disclosing exempt information."); *see* Boucher Decl. ¶ 3 [ECF No. 24-1] ("In further explanation of the segregability review I performed, which was mentioned in my first declaration (ECF No. 21-1), I reviewed all the withheld exempt information that was not classified and determined, in each instance, that no additional information could be segregated and released without causing foreseeable harm to the agency and the interests protected by the FOIA Exemption being asserted."). Boucher simply concludes that she met FOIA's requirements, without providing any *facts* supporting *how* she did so. These types of "conclusory statement[s are] insufficient to satisfy [the Government's] burden with respect to FOIA's segregability requirements." *Ctr. for Pub. Integrity v. U.S. Dep't of Com.*, 401 F. Supp. 3d 108, 118 (D.D.C. 2019). *Contra* Defs.' Mem. in Opp'n to Pl.'s Mot. for Summ. J. at 2 [ECF No. 24].

The Court should order the Government to fulfill its FOIA obligations. *See also* ECF No. 23 at 24–25 (setting forth requested relief); ECF No. 22-1 at 12–14, 32 (original relief request). Specifically, the Court should order the Government to (i) state, on the record, which documents listed in its *Vaughn* index are responsive to Husch Blackwell's FOIA request and (ii) produce all documents listed on the *Vaughn* index to the Court for *in camera* review to verify which documents

are responsive. Such *in camera* review will also allow the Court to evaluate the viability of exemptions—at least as applied to the set of documents actually responsive to the original FOIA request—as further discussed below.

## II. The Government's claimed FOIA exemptions cannot stand on the information provided—or likely at all.

Husch Blackwell reiterates and incorporates by reference the arguments made in its Motion for Summary Judgment [ECF No. 22-1 at 14–26] and its Opposition to the Government's Motion for Summary Judgment [ECF No. 23 at 6–24] regarding the inapplicability of FOIA Exemptions 1, 3, and 5. It adds the following in reply.

### A. The Government's opposition does not defeat summary judgment.

In its opposition, the Government cross-references its own opening summary judgment brief, *Vaughn* index, and declarations. *See* ECF No. 24 at 7. Although nothing is wrong with that strategy as such, the cross-referenced materials do not necessarily rebut the substance of Husch Blackwell's arguments. In particular:

- The Government does not contest that the BIS Entity List is one of the most powerful tools in the U.S. Government's arsenal or, accordingly, that there is a strong public interest in the records sought by Husch Blackwell. *See* Pl.'s Mem. in Support of Mot. for Summ. J. at 3–4 [ECF No. 22-1].
- Regarding Exemption 3, the Government does not dispute that ECRA, 50 U.S.C. § 4820(h)(1)(B) envisions a two-part test before it covers any particular information. *See* Pl.'s Mem. in Support of Mot. for Summ. J. at 16 [ECF No. 22-1]; *accord* ECF No. 23 at 10.
- Regarding Exemption 3, the Government does not dispute Husch Blackwell's proffered interpretation of the term "including" in § 4820(h)(1)(B)—or Husch Blackwell's

argument that "including" must be narrowly construed in a FOIA case. *See* Pl.'s Mem. in Support of Mot. for Summ. J. at 18–19 [ECF No. 22-1]; *accord* ECF No. 23 at 12–14.

- Regarding Exemption 3, the Government does not dispute that, under Circuit precedent, there is no concern in this case about "extreme security measures" or similar national security implications that would justify the Government's expansive reading of ECRA. *See* Pl.'s Mem. in Support of Mot. for Summ. J. at 20–21 [ECF No. 22-1]; *accord* ECF No. 23 at 14–15.
- Regarding Exemption 3, the Government does not dispute that, if the Court were to agree with its interpretation of ECRA, then the Government could shield from disclosure *everything that BIS does*. *See* Pl.'s Mem. in Support of Mot. for Summ. J. at 21–22 [ECF No. 22-1]; *accord* ECF No. 23 at 15–16.
- Regarding Exemption 5, the Government does not dispute that that exemption does not protect final agency memoranda—and that anything conceivably protected by Exemption 5 falls outside Husch Blackwell's FOIA request in any event. *See* Pl.'s Mem. in Support of Mot. for Summ. J. at 23–25 [ECF No. 22-1]; *accord* ECF No. 23 at 18–24.

"[I]t is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Wonders v. Dep't of the Army Off. of Gen. Couns.*, 749 F. Supp. 3d 122, 131 (D.D.C. 2024), *aff'd sub nom. Wonders v. Dep't of Army Off. of Gen. Couns.*, No. 24-5214, 2025 WL 717386 (D.C. Cir. Feb. 28, 2025) (quoting *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)).

Beyond that, the Government also claims that Husch Blackwell's arguments in its Motion for Summary Judgment were premature because they came before the issuance of, and thus without addressing, the Government's *Vaughn* index and agency declarations. This pretzel-twisting argument adds nothing to the Government's cause. To start, the Government maintains that it had no obligation to produce a *Vaughn* index or declaration before *it* filed its summary judgment motion. But Husch Blackwell's summary judgment deadline was the same day. So of course, because the Government had not previously produced its required supporting materials, Husch Blackwell's motion could not respond to them. Further, the Government's argument ignores the Court's scheduling order. At the Government's request, the Court extended the original summary judgment deadline to April 15, 2025, making clear its "expectation that the government will render final determinations as to plaintiff's administrative appeal and produce the corresponding documents *prior to these deadlines*." Minute Order (Mar. 20, 2025) (emphasis added). In all events, the Government's attempted Catch-22 matters little now. Between Husch Blackwell's motion, the Government's motion, and the materials in the record, all arguments are on the table and ready for disposition.

Finally, in a footnote, the Government challenges Husch Blackwell's assertions that public documents are likely contained in the withheld documents. ECF No. 24 at 7 n.2. Husch Blackwell "cites no specific documents," the Government complains, and therefore it should lose. *Id.* But at the time of its opening brief, Husch Blackwell lacked the information necessary to make its argument more fully—because of *the Government's* noncompliance. After the Government produced a *Vaughn* index, Husch Blackwell supplemented its public-documents argument in its Opposition to the Government's Motion for Summary Judgment. *See* ECF No. 23 at 20–24. At

minimum, Husch Blackwell has developed its argument sufficiently to justify the Court conducting *in camera* review.

**B. The Government's representations in a past case undermine its withholding arguments here.**

Four years ago, a company on the Entity List brought suit in this Court to challenge the Government's listing decision. *See Changji Esquel Textile Co. v. Raimondo*, 573 F. Supp. 3d 104 (D.D.C. 2021), *aff'd*, 40 F.4th 716 (D.C. Cir. 2022). Per Local Civil Rule 7(n), the Government filed a certification of the administrative record. *See Changji Esquel Textile Co. v. Raimondo*, No. 1:21-cv-01798-RBW (D.D.C.), ECF Nos. 35, 35-1, Oct. 8, 2021.[1] In particular, the Government (through the ERC Chair as a declarant) certified that the administrative record contained "non-privileged documents that were considered directly or indirectly" as part of the "decision to add" the plaintiff to the Entity List—and that among those non-privileged documents were a seven-page "End-User Review Committee (ERC) Recommendation Memo," a three-page "ERC Entity List Decision," and records of agency votes. *See* ECF No. 35-1 at 2–3. These documents are the same as or similar to the documents that Husch Blackwell requested in this matter. "Before production to the plaintiffs" in *Changji Esquel*, the Government "redacted the administrative record to remove privileged information." *Id.* at 2.

The Government's treatment of the Entity List decision documents in *Changji Esquel* undercuts its withholding arguments here. Although *Changji Esquel* was not a FOIA case, the salient takeaways do not depend on that distinction.

First, the Government's declaration in *Changji Esquel* conceded that the documents at issue could be redacted "to remove privileged information." This concession that Entity List decision

[1] This Court routinely takes judicial notice of court records in other cases. *E.g.*, *Heidi Aviation, LLC v. Jetcraft Corp.*, 573 F. Supp. 3d 182, 191 n.4 (D.D.C. 2021).

documents can be segregated and surgically redacted casts significant doubt on the Government's blanket withholding here—including the Boucher Declaration's conclusory assertions that the analogous documents cannot be produced without any further segregation or refinement. *See* Boucher Decl. ¶ 49 [ECF No. 21-1]; Boucher Decl. ¶ 3 [ECF No. 24-1].

Second, given that the Government previously produced Entity List decision documents *to the plaintiff* in *Changji Esquel*, it should have no objection to—at minimum—providing the analogous documents here to the Court for *in camera* review.

* * *

Ultimately, the Court should grant summary judgment in Husch Blackwell's favor. It should further order the Government produce all documents listed on the *Vaughn* index to the Court, after which the Court should review all documents *in camera*—both for responsiveness and for exemptions. The Court should reject the Government's claimed exemptions over responsive documents and order the Government to produce those responsive documents in full.

## CONCLUSION

The Court should grant Husch Blackwell's Motion for Summary Judgment and deny the Government's Motion for Summary Judgment.

The Court should further order the Government to declare which documents listed in its *Vaughn* index are responsive to Husch Blackwell's FOIA request.

The Court should further order the Government produce all documents listed on the *Vaughn* index to the Court, after which the Court should review all documents *in camera*—both for responsiveness and for exemptions.

Finally, the Court should reject the Government's claimed exemptions over responsive documents and order the Government to produce those responsive documents in full.

**Husch Blackwell requests oral argument.**

**DATED** this July 14, 2025.

Respectfully submitted,

By: */s/ Joseph S. Diedrich*
Steven A. Neeley (D.C. Bar No. 998792)
Joseph S. Diedrich, *pro hac vice*
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Telephone: (202) 378-2331
Facsimile: (202) 378-2319
steve.neeley@huschblackwell.com
joseph.diedrich@huschblackwell.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply in Support of Plaintiff's Motion for Summary Judgment was served on Defendant via CM/ECF, per LCvR 5.4(d)(1), this 14th day of July 2025 to the following:

Jeanine Ferris Pirro
United States Attorney

Brian P. Hudak
Chief, Civil Division

Derrick A. Petit
Assistant United States Attorney

601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Attorneys for the United States of America*

*/s/ Joseph S. Diedrich*
Joseph S. Diedrich